UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL RICHESON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| GRANICUS, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GRANICUS, LLC'S**
**NOTICE OF REMOVAL**

Defendant Granicus, LLC, ("Granicus") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

**A.    INTRODUCTION**

1. This is an employment discrimination case. On November 29, 2023, Plaintiff filed his Original Petition in Cause No. DC-23-19908 in the 160th District Court of Dallas County, Texas, initiating a civil cause of action against Granicus. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant. Removal is also based on federal question jurisdiction because the case involves at least one cause of action arising under the Constitution, laws, or treaties of the United States.

3. Plaintiff alleges violations of the Americans with Disabilities Act and Texas Commission of Human Rights Act. Specifically, Plaintiff alleges that Defendant failed to accommodate his alleged disability, subjected him to discrimination based on his alleged disability, and retaliated against him for engaging in alleged protected activity.

4. The Clerk of District Courts, Dallas County, Texas, issued an E-serve Citation on December 6, 2023. <u>Exhibit D</u>. The Return of Service was not executed.

5. Granicus received a copy of Plaintiff's Original Petition for the first time by email on December 7, 2023. <u>Exhibit E.</u>

6. Granicus accepted service of Plaintiff's Original Petition as of December 15, 2023. <u>Exhibit F.</u>

7. Granicus now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Dallas County state court in which this case was previously pending.

### B. GROUNDS FOR REMOVAL

8. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it involves at least one cause of action arising under the Constitution, laws, or treaties of the United States.

### A. Complete Diversity Exists Between the Parties.

10. This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. §1332(a).

11. According to Plaintiff's Original Petition, Plaintiff is a "resident of Texas." <u>Exhibit C</u>, ¶ 2. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011). "Evidence of a person's place of residence…is prima facie proof of his

domicile." *Id.* (citations omitted). Plaintiff's residence is established as Texas. *See* Exhibit C, ¶ 2. Therefore, Plaintiff should be deemed a citizen of Texas for purposes of determining diversity of citizenship.

12. Granicus is organized under the laws of the State of Minnesota with a principal place of business in Washington, D.C. It is therefore a citizen of the State of Minnesota and the District of Columbia. 28 U.S.C. §1332(c)(1) (a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business).

13. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *Harrison v. Prather,* 404 F.2d 267, 272 (5th Cir.1968)). Because Plaintiff is a citizen of Texas, and Granicus is a citizen of Minnesota and Washington, D.C., there is complete diversity between the parties.

**B.     The Amount in Controversy Exceeds $75,000.00.**

14. In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). It is facially apparent that the amount in controversy in this case exceeds $75,000.00. Plaintiff specifically pleads that he seeks "potential relief" within the "range in Texas Rule of Civil Procedure 47(c)(3) [between $250,000.00 and $1,000,000.00] and 47(c)(4) [over $1,000,000.00.]" Exhibit C at ¶ 6. Therefore, the amount in controversy requirement has been met.

**C.     The Case Involves a Federal Question.**

15. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. This Court has original

jurisdiction over this civil action because it involves causes of actions arising under a law of the United States: the Americans with Disabilities Act. *See* Exhibit C, Section V.

        **D.**       **This Court Has Supplemental Jurisdiction Over State Law Claims.**

16.    Because this Court has original jurisdiction over one or more claims in Plaintiff's Complaint pursuant to 28 U.S.C. § 1331, the Court may exercise supplemental jurisdiction over all other claims so related as to form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

17.    Here, all of Plaintiff's causes of action arise from his employment at Granicus. *See* Exhibit C, Section V. As such, Plaintiff's state law claims under the Texas Commission on Human Rights Act form part of the same case or controversy as Plaintiff's claims under the Americans with Disabilities Act.

        **C.**       **VENUE**

18.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 160th District Court of Dallas County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district. *See* Exhibit C, ¶ 4.

        **D.**       **PROCEDURAL REQUIREMENTS**

19.    Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket Sheet in the state court action |
| **C.** | Plaintiff's Original Petition filed on November 29, 2023 |
| **D.** | E-Service Citation on Granicus, LLC, issued on December 6, 2023 |

| EXHIBIT | DESCRIPTION |
|---|---|
| E. | Email from Megan Dixon to Nicole Truso attaching Original Petition, sent on December 7, 2023 |
| F. | Email from Nicole Truso to Megan Dixon accepting service, sent on December 15, 2023 |
| G. | Dismissal Hearing Notice dated December 11, 2023 |
| H. | List of Counsel of Record |

20.  This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Granicus with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

21.  Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

22.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

23.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 160th District Court of Dallas County, Texas promptly after filing of same.

### E.  CONCLUSION

24.  Granicus respectfully requests that the above-captioned action now pending in the 160th District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
susan.egeland@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on January 5, 2024.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND